UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV 16-2474-PA (KS)                                          Date: April 18, 2016

Title   *Jason Underwood v. People of the State of California*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

|  Roxanne Horan-Walker  |  n/a  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On April 11, 2016, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition For Writ Of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  (Dkt. No. 1.) According to the Petition, on August 7, 2013 Petitioner pled *nolo contendere* to the unlawful driving or taking of a vehicle in violation of California Vehicle Code § 10851(a) and was sentenced to prison.  (Petition at 2.)  Petitioner is due for release on June 4, 2016 – less than 2 months from the date of this order.  (*See id.*)

Petitioner does not attack his conviction but, rather, the Los Angeles County Superior Court's denial of his petition for resentencing under Proposition 47.[1]  (*See* Petition at 7.)  He states that, on October 8, 2015, the Los Angeles County Superior Court denied his petition for a sentence reduction under Proposition 47, and, on December 4, 2015, that court also denied his application to modify his sentence.  (Petition at 6; *see also* Petition Attachments.)

According to the Petition, Petitioner did not appeal and now asks this Court to modify his sentence pursuant to Proposition 47.  However, as discussed below, the Petition appears to be subject to dismissal for lack of exhaustion and failure to state a cognizable claim.

**First**, the Petition suggests that Petitioner neither appealed the denial of his Proposition 47 petition and subsequent application for sentence modification nor presented his claim for

---

[1]   Proposition 47, which went into effect on November 5, 2014, provides that a person who is "currently serving a sentence for a conviction . . . of a felony" that would have been a misdemeanor had Proposition 47 "been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction."  Cal. Penal Code § 1170.18(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 16-2474-PA (KS)                                                                   Date: April 18, 2016

Title         *Jason Underwood v. People of the State of California*

resentencing to the California Supreme Court. However, the federal habeas statute, 28 U.S.C.§ 2254, states that: "[a]n application of a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the court of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C.§ 2254(b)(1).

"To exhaust state remedies, [a] petitioner must present each of his claims to the state's highest court" and "[i]n turn, the state's highest court must have disposed of each claim." *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994); *see also* 28 U.S.C.§ 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (petitioner "must 'fairly present' his claim in each appropriate state court (including a state supreme court . . .)."). "[If] a district court determines that a habeas petition contains only unexhausted claims, . . . it may simply dismiss the habeas petition for failure to exhaust." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (citation omitted). Accordingly, because the Petition fails to allege that Petitioner presented his claim for relief to the California Supreme Court, the Petition is subject to dismissal for lack of exhaustion.

**Second**, the Petition does not allege a violation of Petitioner's rights under either the U.S. Constitution or a federal statute. Instead, Petitioner alleges that the state court improperly applied Proposition 47.

The habeas statute provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.§ 2254(a) (emphasis added); *see also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("'[F]ederal habeas corpus relief does not lie for errors of state law.'"). As a result of this limitation, matters involving a state court's application of state sentencing law – like the one at issue in this case – generally do not give rise to claims cognizable on federal habeas review. *See, e.g.*, *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (rejecting petitioner's claim that a state court misapplied its own aggravating circumstance); *Brown v. Mayle*, 283 F.3d 1019, 1040 (9th Cir. 2002) (characterizing the petitioner's attack on the trial judge's decision to count a prior offense as a strike offense under California law and enhance the petitioner's sentence accordingly as a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  CV 16-2474-PA (KS) | Date: April 18, 2016 |
| Title  *Jason Underwood v. People of the State of California* | |

"state law claim [that] is not cognizable on federal habeas review"), *judgment vacated on other grounds*, 538 U.S. 901 (2003); *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.").

In light of the foregoing, the Petition is subject to dismissal for lack of exhaustion and failure to state a cognizable claim for relief. Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** why the Petition should not be dismissed for: (1) failure to state a cognizable claim for federal habeas relief; and/or (2) lack of exhaustion. To discharge this Order and avoid dismissal, Petitioner must, **on or before May 18, 2016**, file a First Amended Petition that establishes exhaustion <u>and</u> contains a cognizable claim for federal habeas relief.

**Petitioner's failure to timely show cause for proceeding with this action may result in the Court recommending dismissal pursuant to Local Rule 41-1 and Rule 41 of the Federal Rules of Civil Procedure.**

If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice Of Voluntary Dismissal" in accordance with Rule 41(a)(1) of the Federal Rules of Civil Procedure.

| | : |
|---|---|
| **Initials of Preparer** | ecb |